**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-3630
_____

DARRYL A. BELL, SR.,
                                        Appellant

v.

CHARLES EHRLICH, ASSISTANT DISTRICT ATTORNEY;
FINCOURT B. SHELTON, ESQUIRE, BOTH INDIVIDUALLY
AND IN THEIR OFFICIAL CAPACITIES
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 10-cv-00289)
District Judge:  Honorable Juan R. Sanchez
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
February 22, 2011
Before:  SCIRICA, SMITH AND VANASKIE, Circuit Judges

(Opinion filed:  February 23, 2011)

_____

OPINION
_____

PER CURIAM

        Darryl Bell, proceeding *pro se,* appeals the District Court's order dismissing his

complaint under 42 U.S.C. § 1983.  For the reasons that follow, we will affirm the

District Court's order.

1

# I

In early 1989, Bell was tried for rape in the Court of Common Pleas, Philadelphia County. The trial ended in a hung jury and, after a retrial later that year, Bell was convicted of two counts of rape. He received a sentence of eight to twenty years' imprisonment.

Bell maintains that the rape charge was fabricated by his step-daughter, and that she admitted as much to an investigator, Mr. Thomas Morrison, formerly of the Philadelphia Office of Children, Youth and Families. Morrison prepared an investigation report concluding that the charges against Bell were unfounded. Although Morrison testified at Bell's first trial, he was never called to testify at the retrial. Because Morrison was technically unavailable for the retrial, his investigation report was deemed inadmissible.

In January 2010, Bell filed in the District Court a complaint under 42 U.S.C. § 1983, naming as defendants Fincourt B. Shelton, who represented Bell in his rape trials, and Charles Ehrlich, who prosecuted Bell. He complained that Shelton and Ehrlich conspired to conceal from the jury in Bell's retrial Morrison's investigatory report, and that they deprived him of his right to a fair trial. He sought damages, as well as declaratory and injunctive relief. The District Court dismissed the complaint *sua sponte*, without prejudice to Bell's ability to file an amended complaint. Bell filed an amended complaint, which the District Court dismissed on the defendants' motions. Bell now appeals that decision.

## II

We have jurisdiction pursuant to 28 U.S.C. § 1291. We review *de novo* a district court's decision to dismiss a complaint for failure to state a claim upon which relief may be granted. See Dique v. New Jersey State Police, 603 F.3d 181, 188 (3d Cir. 2010). In deciding a motion to dismiss, "all well-pleaded allegations of the complaint must be taken as true and interpreted in the light most favorable to the plaintiffs, and all inferences must be drawn in favor of them." McTernan v. City of York, 577 F.3d 521, 526 (3d Cir. 2009) (internal citation and quotation marks omitted). We may affirm on any ground supported by the record. See Hughes v. Long, 242 F.3d 121, 122 n.1 (3d Cir. 2001).

In dismissing Bell's complaint, the District Court advanced several reasons why Bell failed to state a viable claim for relief, including prosecutorial immunity, insufficient pleadings, and an improper defendant. We need not delve into the several reasons articulated by the District Court because a simpler basis for dismissing Bell's complaint is evident: we agree with Appellee Ehrlich that Bell's claims were barred by Heck v. Humphrey, 512 U.S. 477 (1994). A plaintiff may not pursue a claim under § 1983 that calls into question the validity of his conviction unless he demonstrates that the "conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Id. at 486-87. Because Bell's conviction stands, and because he complains that he was wrongfully convicted because of attorney misconduct, his claims are plainly barred by Heck. Bell's

3

attempt to overcome the Heck bar by explaining that his action challenges the attorneys' conduct, and not his conviction, is unpersuasive. Thus, the District Court appropriately dismissed Bell's complaint.

To the extent that Bell's complaint could be viewed as raising arguments that do not implicate the validity of his conviction, such claims would be time-barred. In § 1983 cases, federal courts apply the state personal injury statute of limitations, which is two years in Pennsylvania. See Smith v. Holtz, 87 F.3d 108, 111 & n.2 (3d Cir. 1996); 42 Pa. Cons. Stat. Ann. § 5524 (West 2004). "A [§] 1983 cause of action accrues when the plaintiff knew or should have known of the injury upon which [his] action is based." Sameric Corp. of Delaware v. Philadelphia, 142 F.3d 582, 599 (3d Cir. 1998). Bell complains that Ehrlich and Shelton failed to disclose favorable evidence at his 1989 trial, yet he did not file suit in federal court until more than 20 years later; his argument that he was unaware of the evidence is not persuasive, and he has offered no reason to toll the statute of limitations.

Accordingly, we will affirm the order of the District Court. Bell's motion for an injunction is denied.